COOPER v. FISKE et al.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. PLEADINGS—MAKING MORE DEFINITE.
   An answer to a complaint for discharge of an employé, alleging tha. plaintiff was discharged for certain specified causes "and others," is subject to an order to be made more definite.

2. SAME.
   Where an answer to a complaint for discharging an employé alleges that plaintiff was discharged for certain specified causes "and others," and the removal of the clause objectionable for indefiniteness would leave a good defense, an order to compel such clause to be made more definite should provide that unless this is done such clause, not the answer, shall be stricken out.

Appeal from special term, Kings county.

Action by Henry M. Cooper against Robert T. P. Fiske and another. From an order requiring the answer to be made more definite and certain, defendants appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Emil Schneeloch, for appellants.
E. H. P. Squire, for respondent.

WILLARD BARTLETT, J. The complaint is not printed in the appeal book, but we infer from the contents of the answer that the action is brought to recover damages for the breach of a contract of employment, in consequence of the discharge of the plaintiff from the service of the defendants without any just cause. The answer, among other things, alleges that defendants discharged the plaintiff for good cause, as thereinafter specifically set forth, "and others"; that the plaintiff failed and refused to devote his services entirely to the defendants, and for that reason, "as well as others," the defendants discharged him; that the plaintiff collected moneys due to the defendants, without their authority, and appropriated the same to his own use, without their knowledge or consent, and against their express prohibition, and "for this cause, as well as others," the defendants discharged the plaintiff from their employment; and, finally, that the plaintiff was discharged for the same foregoing reasons, "and for other good and sufficient reasons," well known to him. The

order appealed from requires the answer to be amended so as to show what were the causes and reasons for the plaintiff's discharge other than those particularly specified in the pleading, which additional causes or reasons are referred to in the clauses above quoted. The propriety of requiring such amendment is manifest. The allegations which thus imply or assert the existence of other facts, not specified in the answer, to justify the action of the defendants in dismissing the plaintiff from their employment, are of the most indefinite and uncertain character. They may embrace any imaginable form of misconduct on the part of the servant towards the master, and it is impossible to tell from the language of the answer whether they relate only to a few specific acts, or involve an inquiry into the behavior of the plaintiff throughout his entire term of actual service. It is difficult to imagine a case which comes more clearly within the intended operation of section 546 of the Code of Civil Procedure.

It is argued in behalf of the appellants that, if the answer had simply denied that the plaintiff's discharge was without just cause, the defendants would have been entitled to prove every just cause they could, without pleading any more specifically, and hence that, the answer being sufficiently definite without the statement of any specific causes for discharge, it should not be regarded as objectionably indefinite because, although specifying some causes, it omitted to specify all. In reference to this point, it may be observed that the defendants have not seen fit to content themselves with such a denal; and, even if they had, it would be impossible for us to say just what would be its effect, in the absence of the complaint from the slipshod record before us.

While the order under review is right in the main, it goes too far, where it directs that in default of the prescribed amendments the answer shall be stricken out, and the plaintiff have the judgment demanded in the complaint. The removal of all the clauses which are objectionable for indefiniteness and uncertainty would still leave a defense in the case, upon which the defendants are entitled to go to trial. The proper direction, under such circumstances, is that the objectionable allegations shall be stricken from the answer unless the order to make them more definite and certain is complied with. Hughes v. Railway Co., 45 N. Y. Super. Ct. 114.

The order appealed from will be modified in this respect, and as thus modified affirmed, without costs of this appeal to either party. All concur.